## DINGFELD v. McGACKIN.

Argued October 7, 1925—Decided February 4, 1926.

**Negligence—Motor Vehicle Collision—Counter-claim but No Appearance at Trial—Surprise Alleged—Attorneys for Defendant Were Partners, One Being Ill and the Other Having no Knowledge That Case was on Call—Only Individual Deposition of Defendant Laid Before Court, no Copy of Testimony Supplied and Rules Relating to State of Case Ignored —To Open, Default Party Applying Must Show Surprise and Substantial Merit.**

On rule to show cause why judgment should not be opened and a new trial had.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff, *James C. Massinger.*

For the defendant, *Reilly, Quinn & Parsons.*

PER CURIAM.

This is a suit for damages arising out of an automobile collision.  Defendant, as we are informed by counsel, answered and counter-claimed damages, but did not appear at the trial and was not there represented by counsel.  The trial proceeded on the part of plaintiff, who had a verdict and judgment, which it is now sought to open on the ground of surprise and merits, especially if not wholly with respect to the counter-claim.  The surprise alleged is that of the partnership of two attorneys representing defendant at the time of trial, one was ill in hospital and the other engaged in another county without knowledge that this case was in call.

We do not need to consider this matter of surprise, because on the case as now presented we fail to perceive such merit as would justify us in opening the judgment.  All that is laid before us is the individual deposition of the defendant himself, whose testimony we are obliged to characterize as both obscure and vague.  As far as we can get at the facts, there was a midnight headon collision between defendant's car and an unidentified car which immediately disappeared, and as a result of the collision defendant's car was caused to run into the plaintiff's car, which was standing at the roadside.  We have not been furnished with a copy of the testimony as taken at the trial, or even with a copy of the pleadings; so that the substance of the counter-claim rests on surmise, unless we are to go into the clerk's office and make our own examination of the record.

In short, the rules relating to a state of the case have been ignored, and we have only the deposition of the party, which, taken at its face, seems to present no substantial basis for any counter-claim.  Defendant deposed that he knew of other

witnesses, at first ten, then seven, and later four, who would corroborate his story of the occurrence at midnight somewhere between Elizabeth and Rahway; not one of these was produced to testify on this rule.

To open a default, the party applying must show surprise and substantial merit. The defendant has not met this second branch of the rule, apart from failure to comply with the requirements as to submitting a state of the case.

The rule to show cause will be discharged, with costs.